### MARTIN v. UNITED STANDARD OIL-FUND OF AMERICA, Inc., et al.

District Court, S. D. New York.
Feb. 9, 1939.

Appel & Tannenbaum, of New York City (Alexander Appel, of New York City, of counsel), for plaintiff.

Garey & Garey, of New York City (William R. Rawick, of New York City, of counsel), for certain defendants.

Philip J. Dunn, of New York City, for Receiver of United Standard Oilfund of America, Inc.

HULBERT, District Judge.

This action is in fraud to recover damages.

On or about Nov. 8, 1937, the defendant Embree was served with a copy of the summons and complaint. He appeared by Messrs. Garey & Garey and his time to plead was extended up to and including December 30, 1937, when an answer was served in his behalf.

Meanwhile, negotiations to effect a settlement of this action were had wherein Messrs. Garey & Garey acted for the defendants United Standard Oilfund of America, Inc., Donald P. Kenyon, Charles Russell Kenyon and George R. Grantham, none of whom had been served with process. The attorneys for the plaintiff refused to conclude this settlement unless an appearance was given on their behalf and such appearance was entered Nov. 15, 1937, and contained the usual demand "that a copy of the complaint and all papers in this action be served on" Garey & Garey as attorneys for said defendants.

On December 31, 1937, a stipulation was signed discontinuing the action on certain terms and conditions and providing, inter alia, for the payment of $95,000, subject to the approval of the court, which was given in an order dated Jan. 14th, 1938.

Pursuant thereto the defendant, Donald P. Kenyon deposited the sum of $25,000 with the Clerk of this Court, but failed to make any further payments in accordance with the terms of settlement.

On Aug. 24th, 1938, plaintiff moved for judgment and on the return day Messrs. Garey & Garey requested permission to withdraw from the case. Judge Caffey denied the plaintiff's motion and advised Messrs. Garey & Garey to make a formal application to withdraw which, when made, was denied, as was also a motion for reargument thereof, by Judge Conger.

Donald P. Kenyon died on December 27th, 1938.

Thereafter, when this case appeared on the day calendar, on the eve of its assignment for trial, an order was made upon the application of Messrs. Garey & Garey requiring the defendants for whom they had heretofore appeared herein, as well as the plaintiff, to show cause why (1) the complaint should not be dismissed as to United Standard Oilfund of America, Inc., George R. Grantham and Charles Russell Kenyon for failure of the plaintiff to serve a copy of the complaint upon them; (2) directing the Calendar Commissioner to strike the case from the Calendar as to these defendants upon the ground that issue was never joined as to them; and (3) permitting the complete withdrawal of Messrs. Garey & Garey.

The trial of the action was stayed until this motion could be regularly heard. On the return day of the order to show cause the case did not appear on the motion calendar, counsel having consented to a week's adjournment, and the default of the defendants could not, therefore, be taken.

The contention of the plaintiff is that since Garey & Garey appeared and interposed an answer on behalf of Embree, they necessarily had in their possession the copy of the complaint served upon him with the summons and it was therefore an unnecessary duplication of effort that a copy of the complaint should have been served upon them for each of the other defendants for whom they appeared and demanded a copy thereof; moreover, in the negotiation of the terms of settlement agreed upon, the defendants for whom Messrs. Garey & Garey appeared on Nov. 15, 1937, acted with knowledge of the cause of action and by implication waived service of the complaint.

If the defendants had not appeared the plaintiff would have been required to serve them as she did Embree in order to obtain jurisdiction. It was simple enough to have avoided the existing complication by an appropriate provision in the stipulation of settlement. Moreover, in a written opinion [1] dated Sept. 21, 1938, denying

[1] Not for publication

the plaintiff's motion for judgment, Judge Caffey said:

"At the oral argument and in the briefs, counsel had discussed the last clause of paragraph 8 of the order. There it is provided that if any of the terms of the settlement or the order be not complied with 'this suit may be proceeded with, and any and all sums theretofore paid under the terms of this order shall be applied in reduction of any award or judgment or decree that may·be entered in the suit.' The plaintiff says that the sole effect of this clause is to grant her an option to proceed with the suit if the defendants default. Certainly with great plausibility it can be urged that when the order is considered in its entirety, the consent that the suit may be proceeded with in the event of default was designed to confer a right on the defendants to continue the litigation precisely as confessedly it conferred such a right on the plaintiff. Assuming, however, that the right here conferred was merely an option to the plaintiff, that does not, as I see it, in the slightest help the plaintiff on the present motion. The reason it does not help the plaintiff is that the provisions I have mentioned in paragraph 6 and 9 of the order stand squarely in the way of the court awarding a decree to the plaintiff for the relief sought.

\* \* \* \* \* \*

"Accordingly I feel compelled to deny, and I do deny this motion. Settle order on two days' notice."

No such order was ever entered prior to the making of this motion, nor has any order, so far as the record shows, ever been entered on the motion decided by Judge Conger. I regard his decision as the law of the case so far as relieving Messrs. Garey & Garey of their duty to the defendants for whom they have appeared.

The plaintiff will be excused for her failure to serve a copy of the complaint upon the defendants for whom Messrs. Garey & Garey appeared on Nov. 15th, 1937, and she may have ten days in which to do so, except that, of course, it will be necessary for, her to revive the action against the appropriate representative or representatives of the deceased defendant Kenyon. Settle order in accordance with this memorandum on two days' notice.